IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT KUKLINSKI, JR., | |
| Petitioner, | |
| vs. | |
| WILLIAM LEE, Superintendent, Eastern New York Correctional Facility, | |
| Respondent. | |

No. 9:16-cv-01070-JKS

ORDER
[Re: Motion at Docket No. 21]

This Court denied Robert Kuklinski, Jr., a New York state prisoner proceeding *pro se*, habeas relief and a certificate of appealability on August 22, 2017. Docket Nos. 19, 20. At Docket No. 21, Kuklinksi filed in this Court a motion for a certificate of appealability ("COA"). The record indicates, however, that Kuklinski has not yet filed in this Court a notice of appeal, which is the first step required for appealing from this Court's denial of his habeas petition. *See* FED. R. APP. P. 4(a)(1)(A). A notice of appeal from a judgment rendered under 28 U.S.C. § 2254 must be filed within 30 days after entry of the judgment. *Id.* The notice must include "the party or parties taking the appeal by naming each one in the caption or body of the notice," "the judgment, order, or part thereof being appealed," and "the court to which the appeal is taken."[1] FED. R. APP. P. 3(c)(1). If Kuklinski wishes to appeal this Court's judgment to the Second

---

[1]     This Court construes *pro se* submissions liberally. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Ordinarily, the Court would be inclined to construe a petitioner's request for a COA in this Court as a notice of appeal. However, Kuklinski's filing does not state that he wishes to appeal to the Second Circuit of Appeals. Thus, the filing does not give notice of "the court to which the appeal is taken," as required by FED. R. APP. P. 3(c)(1), and thus may not be liberally construed as a timely-filed notice of appeal.

Circuit Court of Appeals, he must first file a notice of appeal with this Court by September 21, 2017.[2]

The Court notes, however, that to proceed with an appeal, Kuklinski must apply for and receive a COA from the Second Circuit Court of Appeals. FED. R. APP. P. 22(b); 2D CIR. R. 22.1(a). The Second Circuit may issue a COA only if Kuklinski makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); 2D CIR. R. 22.1(a) (a request for a certificate of appealability must include a statement that identifies each issue the petitioner intends to raise on appeal and the relevant facts and makes a substantial showing of a denial of a constitutional right as to each issue).[3]

Because this Court has already denied Kuklinski a COA, his request should be considered by the Court of Appeals rather than this Court. *See* FED. R. APP. P. 22(b)(1). The Local Rules for the Second Circuit require that an applicant whose request for a COA has been denied by the district court must request a COA from the Second Circuit within 28 days after the filing of the notice of appeal in the district court. 2D CIR. R. 22.1.

---

[2]     If Kuklinski does not meet that deadline, he should indicate the reasons why he failed to do so. *See* FED. R. APP. P. 4(a)(5) (A)(ii) (a district court may grant a petitioner an additional 30 days to file a notice of appeal [after the expiration of the initial 30-day deadline] if he or she establishes "excusable neglect or good cause").

[3]     Kuklinski's instant filing indicates that he wishes to make objections to Respondent's answer in this case. Kuklinski should address any disputes with Respondent's answer in his request for a COA.

**IT IS THEREFORE ORDERED THAT** the Motion for a Certificate of Appealability

at Docket No. 21 is **DENIED**.

Dated: September 1, 2017.

    /s/ James K. Singleton, Jr.

JAMES K. SINGLETON, JR.
Senior United States District Judge
